BYE, Circuit Judge,
concurring in part and concurring in the result.
I join in the reasoning set forth in all portions of the majority opinion except section II.C. with respect to Smithrud’s FHA claims against Minneapolis.[5] The district court dismissed those claims as untimely and did not rule whether Smi-thrud had failed to state his FHA claims. I conclude Smithrud made sufficient allegations for those claims to survive Minneapolis’s timeliness argument, at least at the pleadings stage.
Smithrud contends his FHA claims were timely, arguing he filed a HUD complaint which triggered administrative proceedings tolling the statute of limitations. If proceedings were pending before HUD, they could have tolled the statute of limitations sufficiently to render Smithrud’s FHA claims timely. See 42 U.S.C. § 3613(a)(1)(B).
It is to be noted Minneapolis asserted its timeliness defense in the context of a Rule 12(b)(6) determination. In making such a determination, a court must accept a plaintiffs factual allegations as true and determine whether the plaintiff has alleged a plausible entitlement to relief. Bell All. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Put another way, the plaintiffs factual allegations, accepted as true, “must be enough to raise a right to relief above the speculative level[.]” Id. (citations omitted). Accordingly, at the pleadings stage, in order for Smithrud’s FHA claims to survive the timeliness defense asserted by Minneapolis, some factual allegation consistent with a proceeding plausibly being pending before HUD must have appeared in the pleadings.
Smithrud points us to his draft of a letter to HUD complaining about Minneapolis’s actions. It is a plausible inference that Smithrud, having drafted the letter, sent it to HUD and HUD had accepted it, thus initiating proceedings which could have tolled the statute of limitations. Given HUD’s statutory obligation to provide notice of such proceedings and the absence of any such notice in the record, I acknowledge it is improbable HUD actually commenced administrative proceedings. However, Twombly did not impose a probability requirement. See id. at 556, 127 S.Ct. 1955 (“Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage[.]”). In addition, the Twombly court expressly noted a sufficiently pled complaint could proceed “even if it strikes a savvy judge that actual proof of those facts is improbable, and ‘that a recovery is very remote and unlikely.’ ” Id. (quoting Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). Keeping in mind the standard articulated in Twombly, I conclude Smithrud’s letter is sufficient to raise his allegation about administrative proceedings having been pending before HUD above a speculative level, albeit barely.
I nonetheless concur in the dismissal of Smithrud’s FHA claims against Minneapolis because Smithrud failed to adequately state those claims. See Warner Bros. Entm’t, Inc. v. X One X Prods., 644 F.3d 584, 591 (8th Cir.2011) (“We may affirm the judgment of the district court *399 on any basis disclosed in the record (internal quotation marks and citation omitted). As the district court noted, of Smithrud’s numerous filings, the documents which were properly before the district court contain only legal conclusions when it comes to the elements necessary to establish his FHA claims. See Minneapolis Br. Add. 10 n. 7. Smithrud attempts to assert those legal conclusions as facts. We are not, however, required to accept as true the legal conclusions a plaintiff asserts as facts. Detroit Gen. Ret. Sys. v. Medtronic, Inc., 621 F.3d 800, 804 (8th Cir.2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

. My disagreement with the majority's reasoning is based on the presence in the record of the proceedings against Minneapolis of Smithrud’s complaint letter to HUD. No such letter was properly before the district court in the record of the proceedings against Saint Paul.